## HARRIET SHONGOOD KOHLER
*vs,*
## CHARLES S. KOHLER

Superior Court      Fairfield County      File No. 66735

### MEMORANDUM FILED MAY 31, 1944.

*Willis, Foster & Lister,* of Bridgeport, for the Plaintiff.

INGLIS, J. In this action the plaintiff prays a divorce on the ground of intolerable cruelty and, by amendment, alimony. The plaintiff was for more than three years prior to the institution of the action a resident of and domiciled in this State. The defendant, however, at the time of institution of the action was a resident of Maine. The only service of the writ and complaint made upon him was registered mail pursuant to an order of notice. The amendment praying alimony was likewise served upon him pursuant to an order of the court by registered mail addressed to Arcadia, Florida. He has received actual notice of the pendency of the action and of the amendment but he has entered no appearance to defend, nor has any property of his in this State been attached.

There can be no question but that the plaintiff has made out a case of intolerable cruelty nor that this court has jurisdiction to grant the divorce. As regards the claim for alimony, however, the situation is different.

It is fundamental that no court has jurisdiction to render a judgment *in personam* unless it has obtained jurisdiction over the person of the defendant. *Pennoyer vs. Neff*, 95 U.S. 714. An award of alimony is *in personam*. It is therefore well settled that, even in an action in which the court has jurisdiction to grant a divorce, unless there has been an attachment which has brought assets of the defendant under the control of the court, the court has no jurisdiction to decree alimony

against a nonresident unless he has been personally served within the State or has submitted himself to the court's jurisdiction by entering an appearance. *Restatement, Conflict of Laws,* §116, comment d; 17 *Am. Jur., Divorce and Separation,* §518, p. 422; 27 *C.J.S., Divorce,* §333b, p. 1298; *Note,* 9 *L.R.A. n.s.* 593; *Keezer, Marriage and Divorce* (2nd ed. 1923) §678; 2 *Schouler, Marriage and Divorce* (6th ed. 1921) §§1762, 1866. In as much as the defendant in this case is a nonresident of this State who has never been served with process in this State and has never entered to defend this action, the court is without jurisdiction to enter an *in personam* judgment for alimony against him.

Judgment may enter finding actual notice, and that it is not necessary to appoint counsel to represent the defendant, and decreeing a divorce on the ground of intolerable cruelty.